IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RODNEY GADIS PORTER**                                                                  **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 5:06cv178-MTP**

**W. JONES, ET AL.**                                                   **DEFENDANTS**

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER is before the court on the Motion for Preliminary Injunction [20] filed by Plaintiff. The court, having considered the submissions of the parties, the arguments made during the hearing, and the applicable law, finds that the Motion [20] should be DENIED.

Plaintiff is currently incarcerated at the Wilkinson County Correctional Facility ("WCCF"), after having been convicted of homicide and vehicle theft in Harrison County. Through his complaint and his sworn testimony during the *Spears* hearing,[1] Plaintiff alleges that Defendants violated his First Amendment right to freedom of religion, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc. Specifically, Plaintiff alleges that Defendants are interfering with and/or preventing his rights to properly practice the Wicca religion and to be recognized as a Wiccan.

In his Motion [20], Plaintiff alleges that on February 16, 2008, Defendants and/or their colleagues confiscated his religious books without cause and have refused to return the books. Plaintiff "surmise[s] that this was an arbitrary act of retaliation and reprisal against [him] for

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

filing the instant action." Motion [20] at 1.

Plaintiff seeks the following injunctive relief: the proscription of retaliation for filing this action; the proscription of unwarranted confiscation of religious books; and requiring the books confiscated to be returned and/or for Plaintiff to be reimbursed for same.

Defendants claim that Sandra Jackson, Corrections Corporation of America employee, seized Plaintiff's books during a routine search of his cell because he had over ten books, which violates prison policy. In support of their position, Defendants submitted the affidavit of Ms. Jackson. *See* Ex. A to Response [29]. Ms. Jackson's sworn testimony reflects that Plaintiff was allowed to come out of his cell after the search and choose which ten books he wanted to keep, and that the remainder of the books were taken to Unit Manager Walton's office. *Id.*

In their Response [29], Defendants represent that Plaintiff may submit a written request to Angie Jones, Property Officer at WCCF to exchange whichever books he would like as long as the number of books in his cell does not exceed ten per inmate. *Id.* Defendants also claim that Plaintiff has failed to prove the elements necessary to obtain injunctive relief.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Based on the Defendants' representation in their Response [29] that Plaintiff may submit a written request to Angie Jones to exchange whichever books he would like as long as the number of books in his cell does not exceed ten, it appears that the primary injunctive relief sought from the court– the return of Plaintiff's religious books– is not necessary.  Accordingly, the court finds that the Plaintiff has failed to make a clear showing of irreparable harm and is not entitled to the extraordinary remedy of injunctive relief.

As for the other injunctive relief requested, the proscription of retaliation for filing this action and of unwarranted confiscation of religious books, the court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits.  Moreover, the sworn testimony of Ms. Jackson reflects that Plaintiff's books were taken during a routine search of inmates' cells, including the Plaintiff's cell.  There is no evidence that the search or seizure of property was in retaliation for Plaintiff's lawsuit.  As stated in Ms. Jackson's affidavit, the search was performed to search for contents in inmates' cells for items prohibited under prison or MDOC policy. "Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990).  Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Preliminary Injunction [20] is DENIED.

SO ORDERED this the 15th day of May, 2008.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge