# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RODNEY GADIS PORTER**                                                  **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 5:06cv178-MTP**

**W. JONES, ET AL.**                                                  **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [32]. The court, having considered the submissions of the parties and the applicable law, finds that the Motion [32] should be GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

Plaintiff Rodney Gadis Porter, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on December 5, 2006, against Defendants Chaplain W. Jones, Warden J. Banks, and Lawrence Walton.[1] Plaintiff is currently incarcerated at the Wilkinson County Correctional Facility ("WCCF"), after having been convicted of homicide and vehicle theft in Harrison County. Through his complaint and his sworn testimony given during the *Spears* hearing,[2] Plaintiff alleges that Defendants violated his First Amendment right to freedom of religion, the Equal Protection Clause of the Fourteenth Amendment, and the

---

[1] Lawrence Walton was dismissed by Order [10] dated January 30, 2007.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint). Plaintiff's *Spears* hearing occurred on April 28, 2008. *See* Transcript [36].

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.

Specifically, Plaintiff alleges that Defendants are interfering with and/or preventing his rights to properly practice the Wicca[3] religion and to be recognized as a Wiccan.[4] Plaintiff seeks the following injunctive relief: to be recognized by Defendants as a Wiccan; for Defendants to arrange for Wiccan or Pagan programs or services at WCCF; and to allow Plaintiff to purchase religious items from an outside source. Plaintiff also seeks compensatory damages for court costs, nominal damages in the amount of $1.00 against each Defendant, and punitive damages in the amount of $2000.00 from each Defendant for mental anguish. *See* Complaint [1] at 8.

On June 16, 2008, Defendants filed their Motion for Summary Judgment [32]. Plaintiff filed his Response [34] in opposition to Defendants' Motion on June 30, 2008. The parties subsequently filed various replies and rebuttals in support of their positions. *See* Defendants' Reply [35] and Plaintiff's Response [37].

STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If Defendants fail to discharge the burden of showing the absence of a genuine issue

---

[3]According to Plaintiff, Wicca is a pagan religion that honors both a god and goddess. *See* Plaintiff's Complaint [1] at 4.

[4]On February 29, 2008, Plaintiff filed a Motion for a Preliminary Injunction [20], claiming that on February 16, 2008, Defendants and/or their colleagues confiscated his religious books without cause and refused to return the books. The court denied the motion based, in part, on Defendants' representation in their Response [29] that Plaintiff could submit a written request to Angie Jones to exchange whichever books he would like as long as the number of books in his cell did not exceed ten. *See* Order [31]. The court now considers this issue moot.

concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or

3

immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

Violation of First Amendment

Plaintiff alleges that Defendants violated his First Amendment right to freedom of religion. Specifically, Plaintiff alleges that Defendants denied his requests to purchase religious items in order to practice the Wicca religion and to be recognized as a Wiccan. Plaintiff claims he first requested permission to purchase religious items from Warden Banks and Chaplain Jones in May 2006. Both Warden Banks and Chaplain allegedly failed to respond to Plaintiff's request.

In June 2006, Plaintiff filed a grievance through the Administrative Remedy Program ("ARP") regarding his request to purchase religious items. In the Second Step Response,

Warden Banks stated that Plaintiff's request would be denied because the MDOC computer records revealed that Plaintiff was a Baptist, and not a Wiccan. *See* Complaint [1-2] at 3. Warden Banks advised Plaintiff that he could fill out a change of religion form. *Id.*

Plaintiff claims that in October and September 2006, he requested a change of religion form from Chaplain Jones, and he failed to respond. Defendants dispute this, and claim that Chaplain Jones provided Plaintiff with the forms in May 2006 and August 2006. *See* Affidavit [33-4].

It is undisputed that Plaintiff has never filled out an actual change of religion form while incarcerated at WCCF. However, Plaintiff maintains that he filled out a religious preference form while incarcerated at the Central Mississippi Correctional Facility ("CMCF") in Rankin County and designated "Wicca" as his religion. *See* Response [34]. Plaintiff further claims that he has never filled out a religion form designating "Baptist" as his preferred religion, and thus, the computer records at MDOC are incorrect. Plaintiff requested these documents during discovery, but the Defendants maintain that they are not in possession of such documents.

In opposition to Defendants' Motion [32], Plaintiff also submitted a WCCF "Chaplaincy Information Form" which identifies Wicca as his religious preference, and is signed and dated by Plaintiff. *See* Ex. A to Response [34-2]. Defendants admit that this form shows "Wicca" as Plaintiff's preferred religion, but maintain that a change of religion form is required before his religious preference can be changed in their computer system. *See* Reply [35] at 2.

Defendants claim that they denied Plaintiff's request to purchase Wicca religious items pursuant to MDOC policy because he is designated as a Baptist in their computer system. MDOC policy provides that inmates are only allowed to purchase items related to their MDOC-

designated religion, due to security and efficiency concerns. *See* Affidavit [33-6]. Defendants claim that if Plaintiff would have filled out the correct form, some of his requested religious items would be approved for purchase. *See* Affidavit [33-4].

This court reviews Plaintiff's First Amendment claim under the standard set forth by the Supreme Court in *Turner v. Safley*: whether the regulation is "reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987); *see also Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 607 (5th Cir. 2008). In determining the reasonableness of the prison regulation, we consider the following four factors:

> (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation ... will have on guards and other inmates, and on the allocation of prison resources generally"; (4) whether there are "ready alternatives that could fully accommodate[ ] the prisoner's rights at *de minimis* cost to valid penological interests."

*Mayfield*, 529 F.3d at 607 (quoting *Turner*, 482 U.S. at 89-91). The *Turner* standard "also includes a neutrality requirement-'the government objective must be a legitimate and neutral one ... [and] [w]e have found it important to inquire whether prison regulations restricting inmates' First Amendment rights operated in a neutral fashion.'" *Mayfield*, 529 F.3d at 607 (quoting *Turner*, 482 U.S. at 90).

"A prisoner's First Amendment rights may be circumscribed when legitimate penological objectives such as institutional order and security outweigh the concerns associated with preservation of the inmate's right." *Schmidt v. Johnson*, 75 Fed. Appx. 218, 220 (5th Cir. 2003). Moreover, prison officials are afforded great deference in making decisions regarding jail security. *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

6

The court finds that Plaintiff has raised genuine issues of material fact as to whether he should be designated as a Wiccan at WCCF. Because Defendants denied Plaintiff's request to purchase Wicca religious items based on his designation in the MDOC computer system, this disputed factual issue precludes summary judgment on Plaintiff's First Amendment claim.

Violation of Equal Protection Clause

Plaintiff alleges that Defendants violated the Equal Protection Clause of the Fourteenth Amendment. Specifically, Plaintiff alleges that there are no religious services or programs for Wiccan inmates at WCCF, while there are such programs for Christians and other "mainstream" religions, and those inmates are allowed to purchase religions items for their religions whereas the Wiccans are not.

In order to establish a violation of the Equal Protection Clause, Plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Schmidt,* 75 Fed. Appx. at 219 (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001)). A "[d]iscriminatory purpose in an equal protection context implies that the decision-maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Schmidt,* 75 Fed. Appx. at 220 (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir.1995)).

The court finds that Plaintiff has raised genuine issues of material fact as to whether he should be designated as a Wiccan at WCCF. Because Defendants denied Plaintiff's request to purchase Wicca religious items based on his designation in the MDOC computer system, this disputed factual issue precludes summary judgment on Plaintiff's equal protection claim

7

regarding the purchase of religious items.

The parties dispute whether Plaintiff actually requested Wicca services to be held at WCCF. In his affidavit, Chaplain Jones states that Plaintiff has never requested Wicca religious services. *See* Ex. C to Motion [33-4]. Yet, in his sworn complaint, Plaintiff clearly asks for Wicca services to be held at WCCF. *See* Complaint [1] at 8. While the court recognizes that "the Fourteenth Amendment does not demand that every religious sect or group within a prison . . . have identical facilities or personnel[,]" the Defendants have offered no reason as to why Wicca services or programs are not offered at WCCF. *See Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007) (internal citations and quotations omitted). Instead, they merely deny that Plaintiff has made a request for such services.

Drawing all inferences in favor of the non-moving party, the court concludes that genuine issues of material fact exist as to whether the Defendants' denial of Plaintiff's request for Wicca services or programs violates the Equal Protection Clause. Accordingly, summary judgment on this claim must be denied.

### Violation of RLUIPA

Plaintiff alleges that Defendants violated the RLUIPA, 42 U.S.C. § 2000cc. Specifically, Plaintiff alleges that Defendants violated this Act by placing substantial burdens on him and his religious practices. RLUIPA generally provides that

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> **(1)** is in furtherance of a compelling governmental interest; and
> **(2)** is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1. "RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005).

In evaluating this claim, the court considers whether the burdened activity is a "religious exercise," and whether that burden is "substantial." *Mayfield,* 529 F.3d at 613. Plaintiff bears the burden of establishing "that the government practice complained of imposes a 'substantial burden' on his religious exercise." *Adkins v. Kaspar*, 393 F.3d 559, 567, n.32 (5th Cir. 2004) (citing 42 U.S.C. § 2000cc-2). In *Adkins*, the Fifth Circuit stated that

> for purposes of applying the RLUIPA in this circuit, a government action or regulation creates a "substantial burden" on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs. And, in line with the foregoing teachings of the Supreme Court, the effect of a government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial benefit, and, on the other hand, following his religious beliefs. On the opposite end of the spectrum, however, a government action or regulation does not rise to the level of a substantial burden on religious exercise if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed.

*Adkins*, 393 F.3d at 570 (footnotes omitted).

For the same reasons set forth above, the court concludes that genuine issues of material fact preclude summary judgment on this claim.

Compensatory Damages

To the extent Plaintiff seeks compensatory damages for the claims alleged above, such claims should be dismissed because Plaintiff suffered no physical injury as a result of the alleged

9

violations. The Prison Litigation Reform Act, to which this action is subject, provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody *without a prior showing of physical injury.*" 42 U.S.C. § 1997e(e) (emphasis added). As no such injury is alleged as a result of the alleged violations, Defendants are entitled to judgment as a matter of law on Plaintiff's claim for compensatory damages. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005).

Moreover, Defendants correctly note that since Plaintiff is not entitled to compensatory damages, he is also not entitled to punitive damages. *See* Miss. Code Ann. §11-1-65(1)(c) (2008). Accordingly, Defendants are also entitled to judgment as a matter of law on Plaintiff's claim for punitive damages.

Plaintiff's Motion for Continuance

In his Response [34], Plaintiff asks the court for a continuance of its ruling on Defendants' Motion for Summary Judgment [32] pursuant to Fed. R. Civ. P. 56(f). Rule 56(f) authorizes the court to "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken" when "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(f).

In support of his request, Plaintiff claims Defendants did not comply with the court's discovery order. Apparently, Plaintiff is referring to the change of religion form he filled out at CMCF. Defendants maintain that they are not in possession of such document. Nevertheless, the court has found that genuine issues of material fact exist regarding Plaintiff's MDOC-

designated religion, precluding summary judgment on Plaintiff's claims, with the exception of his claims compensatory and punitive damages. Accordingly, Plaintiff's request for a stay pursuant to Rule 56(f) is denied.

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motion for Summary Judgment [32] should be GRANTED in part and DENIED in part.

SO ORDERED this the 27th day of January, 2009.

s/ Michael T. Parker
United States Magistrate Judge
